UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NEXTERRA SYSTEMS CORP.,

      Plaintiff,

vs.                                    Case No. 16-13454

DEMARIA BUILDING COMPANY, INC.,         HON. AVERN COHN

      Defendant.
_____/


## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (Doc. 11)[1]

### I. Introduction

This is a contract case. Plaintiff and defendant are a subcontractor and a contractor on a construction project for remodeling a building for the Veterans Affairs in Battle Creek, Michigan. Plaintiff designed and supplied a boiler for installation by defendant. Plaintiff says it performed its obligations and defendant has refused to make the final payment on the bolier. Defendant essentially says that the boiler is defective.

Before the Court is plaintiff's motion under Fed. R. Civ. P. 12(f) to strike defendant's first, second, fifth, sixth, seventh, and eighth affirmative defenses.[2] For the reasons that follow, the motion is DENIED.

### II. Legal Standard

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Defendant has agreed to strike its first and eighth affirmative defenses.

Under Fed. R. Civ. P. 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense is insufficient where "as a matter of law, the defense cannot succeed under any circumstances." Specialized Pharm. Servs., LLC v. Magnum Health & Rehab of Adrian, LLC, No. 12–12785, 2013 WL 1431722, at *5–6 (E.D. Mich. Apr. 9, 2013).

Striking "is a drastic remedy" that "should be sparingly used by the courts." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir.1953). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." Id. Ultimately, the decision to strike a pleading is firmly within the discretion of the court." Spizizen v. Nat'l City Corp., No. 09–11713, 2010 WL 419993, at *2 (E.D. Mich. Feb.1, 2010) (citation omitted).

III. Discussion

A.

As an initial matter, plaintiff argues that the affirmative defenses fail to meet the general pleading requirements under Fed. R. Civ. P. 8 as well as the requirements of Twombly[3] and Iqbal.[4] The Sixth Circuit has not yet determined whether the heightened pleading standard under Twombly and Iqbal also applies to affirmative defenses. District courts in this district are divided over the issue. Compare, e.g., Vision Info. Techs., Inc. v. Vision IT Servs. USA, Inc., 156 F. Supp. 3d 870, 877 (E.D. Mich. 2016)

_____

[3]Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

[4]Ashcroft v. Iqbal, 556 U.S. 662 (2009).

2

and Rehab Sols., Inc. v. St. James Nursing & Physical rehab. Ctr., Inc., 2014 WL

6750590 (E.D. Mich. Dec. 1, 2014) (applying Twombly and Iqbal standard to affirmative

defenses) with Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp., 2014

WL 4715532 (E.D. Mich. Sept. 22, 2014) and Int'l Outdoor, Inc. v. City of Southgate, No.

11–14719, 2012 WL 2367160, at *7–9 (E.D. Mich. Apr. 6, 2012) (declining to apply

Twombly and Iqbal to affirmative defenses).

Looking at the divergent authority, the better view is that Twombly and Iqbal do

not apply to affirmative defenses.  The district court in Exclusively Cats persuasively

explained:

> . . .  Defendant cites Lawrence v. Chabot, a case decided before Twombly
> and Iqbal, in which the Sixth Circuit upheld a magistrate judge's refusal to strike
> affirmative defenses under the fair notice standard.  182 F. App'x 442, 456–57
> (6th Cir.2006) ("An affirmative defense may be pleaded in general terms and will
> be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of
> the defense").  In this regard, the Sixth Circuit (again pre-Twombly and Iqbal )
> has held the affirmative defense "Plaintiffs' claims are barred by the doctrine of
> res judicata" sufficient under Rule 8(c).  Davis v. Sun Oil Co., 148 F.3d 606, 612
> (6th Cir.1998). . . .
> Another Sixth Circuit case, Montgomery v. Wyeth, 580 F.3d 455, 467–68
> (6th Cir.2009), lends support to defendant's position.  In Montgomery, decided
> after both Twombly and Iqbal, the court held that "[t]he Federal Rules of Civil
> Procedure do not require a heightened pleading standard for a statute of repose
> defense."  Montgomery, 580 F.3d at 468.  The court went on to cite Rule 8(b)(1)'s
> requirement that a party "state in short and plain terms its defenses to each
> claim," as well as the fair notice standard in Conley v. Gibson, 355 U.S. 41, 47,
> 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Montgomery, 580 F.3d at 468.
> . . . .
> Courts declining to apply the heightened pleading standard to affirmative
> defenses have tended to focus on the difference in language of Rules 8(a) and
> 8(b), or on the fact that the holdings in Twombly and Iqbal were limited to Rule
> 8(a).  As to language, Rule 8(a) requires a "short and plain statement of the claim
> showing the pleader is entitled to relief" (emphasis added), while Rule 8(b) only
> requires a statement "in short and plain terms" of "defenses to each claim."  See
> Iqbal, 556 U.S. at 679 (stating that "where the well-pleaded facts do not permit
> the court to infer more than the mere possibility of misconduct, the complaint has
> alleged—but it has not shown—that the pleader is entitled to relief" (internal

quotation marks omitted)).  Moreover, as at least one other decision in this district has pointed out, Rule 8(c) governs affirmative defenses and contains no language similar to that in Rule 8(a).  First Nat. Ins. Co. of America v. Camps Servs., Ltd., No. 08–12805, 2009 WL 22861, at *2 (E.D. Mich. Jan.5, 2009).

In sum, controlling Sixth Circuit law and the language of the applicable rules weigh against application of Twombly and Iqbal 's heightened pleading standard to defendant's affirmative defenses here.  The policy rationale of containing discovery costs, while undeniably important, is not enough to tip the scales in the other direction. The Court will therefore apply the fair notice pleading standard in determining whether defendant's affirmative defenses merit a more definite statement under Rule 12(e) or striking under Rule 12(f).

Exclusively Cats, 2014 WL 4715532 at * 2-3.

B.

The affirmative defenses at issue here state as follows:

2.    That Plaintiff, upon information and belief, has failed to mitigate damages.

5.    That the Defendant is entitled to offset all direct and proximately caused damages by virtue of the Plaintiff's breach of contract including, but not limited to, failing to provide a boiler that met the performance specifications of the Veterans Administration and the subcontract; failing to timely repair its defective products and work including defects identified during the warranty period; failing to deliver the boiler timely' and other breaches.

6.    That the acts, errors and omissions of the Plaintiff in negligently failing to properly design and/or manufacture the boiler and related systems which did fail and breakdown resulting in proximately caused damages and a cause of action in accordance with MCL 600.2945 et seq.

7.    That the Plaintiff's claims and defenses to the defects and the breach of its warranties is barred by the doctrines of waiver and/or estoppel since they modified the boiler after it was installed because it failed to meet the performance requirements and standards as well as possible other reasons.

(Doc. 8 at p. 6-7).

Each of these defenses meet the fair notice requirement.  None are so vague or

ambiguous that plaintiff cannot reasonably prepare a response nor are any of the

4

defenses unable to succeed under any circumstances.  Neither a more definite statement nor striking is justified.  To the extent plaintiff desires additional information regarding any defense, it can be obtained through appropriate discovery.  Finally, the Court is constrained to note that the instant motion has served to move the case more laterally than forward.

       SO ORDERED.


                         S/Avern Cohn               
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE


Dated: January 24, 2017
       Detroit, Michigan